IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROY ARAMAYO-ESCOBAR,** | : | |
| Petitioner, | : | CIVIL NO. 3:CV-05-2140 |
| v. | : | (Judge Caputo) |
| **BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT,** | : | |
| Respondent. | : | |

## M E M O R A N D U M

**I.    Introduction**

Petitioner, Roy Aramayo-Escobar, a detainee of the Bureau of Immigration and Customs Enforcement (ICE) at the York County Prison in York, Pennsylvania, commenced this *pro se* action with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. §2241 (Doc. 1) on October 20, 2005.  He contemporaneously filed an application to proceed *in forma pauperis* (Doc. 2).  Petitioner has been ordered removed from the United States.  He does not challenge his removal,[1] but rather his continued detention pending removal.  Specifically, he "respectfully request[s] that this court immediately order the [ICE], to exercise its discretion to release petitioner [from continued detention]."  (Doc. 1 at 18.)  Since the detention period set forth in *Zadvydas* is inapplicable, the Court will dismiss the petition as a premature request for a custody review under 8 C.F.R. § 241.4.

**II.    Background**

Petitioner, a native and citizen of Bolivia, was admitted to the United States as a

---

[1] "The Petitioner does not challenge the removal proceedings, but ask[s] the Court to remedy the substantive procedural due process violation."  (Doc. 1 at 2.)

lawful permanent resident on February 18, 1994.  On November 13, 2002, Petitioner was convicted in New York State court for the offense of possession of a controlled substance (cocaine), and he was sentenced to a term of imprisonment of 2 ½ to 7 ½ years.  As a result of his conviction, the Bureau of Immigration and Customs Enforcement ("ICE") commenced removal proceedings against him.

On February 11, 2005, an Immigration Judge ("IJ") located in York, Pennsylvania, ordered Petitioner removed from the United States to Bolivia.  After review by the Board of Immigration Appeals ("BIA"), the case was remanded to the IJ for further proceedings and "for the entry of a new decision."  (Doc. 1, Ex. C at 3.)  On August 18, 2005, the IJ issued a new decision, again ordering Petitioner removed from the United States to Bolivia.  There is nothing in the record to indicate that Petitioner has again filed an appeal to the BIA.  The instant action ensued.

**III.    Discussion.**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  *Allen v. Perini*, 424 F.2d

134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970). *Accord Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991). The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." 424 F.2d at 141. Petitioner has prepared all of his pleadings *pro se*, and this Court is mindful that "such petitions are to be liberally viewed with tolerance and forebearance." *Allen*, at 142. However, even the most liberal and accommodating interpretation of the petition does not salvage the document, and the case will be summarily dismissed.

Petitioner claims that "the 'Excessive Mandatory Indefinite Detention,' is governed under the ruling of, *Zadvydas v. Davis*, 533 U.S. 678 [(2001)]" (Doc. 1 at 2.), and that *Zadvydas* mandates his release. Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has 90 days to remove an alien from the United States after his order of removal becomes final, during which time detention is mandatory. In *Zadvydas*, the United States Supreme Court addressed the issue of whether §1231(a)(6) authorizes the Attorney General to detain a removable alien indefinitely beyond the 90-day removal period. *Zadvydas*, 533 U.S. at 689. Reasoning that the indefinite detention of aliens "would raise serious constitutional concerns," the Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States." *Id*. at 689. To establish uniformity in the federal courts, the Supreme Court recognized six months as a "presumptively reasonable period of detention." *Id*. at 701.

Following the Supreme Court's decision in *Zadvydas*, regulations have been promulgated to meet the criteria established by the Supreme Court. *See* 8 C.F.R. § 241.4.

Prior to the expiration of the 90-day removal period, the district director shall conduct a custody review for an alien where the alien's removal, while proper, cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(l)(i). Nevertheless, Petitioner's 90-day removal period has not expired, and his request for release is premature. While Petitioner cites *Zadvydas* in support of his petition, *Zadvydas* dealt with continued detention **after** the ninety-day removal period, and is inapplicable here.

Under the provisions of § 1231(a)(1)(B), the removal period begins to run on the latest of the following: (i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. Since Petitioner has not obtained a stay of removal, subsection (ii) does not apply. Similarly, subsection (iii) is inapplicable because Petitioner is currently detained by the ICE under his immigration process. Thus, the earliest that Petitioner's removal order became final was after the expiration of the appeal period from the IJ's second decision of August 18, 2005, assuming no appeal was filed. Since less than ninety days have transpired since August 18, 2005, the ninety-day removal period cannot have expired. Since Petitioner was ordered removed as an alien committing an offense under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (*see* Doc. 1, Ex. D at 1), his continued detention is mandatory under 8 U.S.C. § 1226.[2] At best, Petitioner's challenge to

---

[2] 8 U.S.C. § 1226 states, in pertinent part:

> (c) Detention of Criminal Aliens.–
> (1) Custody.–The Attorney General **shall** take into custody any alien

continued detention is premature, and the petition will be summarily dismissed.  An appropriate Order follows.


Dated: November 1, 2005                              /s/ A. Richard Caputo
                                                                          A. RICHARD CAPUTO
                                                                          United States District Judge

---

      who.--

         . . .(B) is deportable by reason of having committed any offense covered in section 237(a)(2)(A). . . (iii)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROY ARAMAYO-ESCOBAR,** | : | |
| Petitioner, | : | CIVIL NO. 3:CV-05-2140 |
| v. | : | (Judge Caputo) |
| **BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT,** | : | |
| Respondent. | : | |

# O R D E R

**AND NOW, THIS 1st DAY OF NOVEMBER, 2005,** in accordance with the foregoing memorandum**, IT IS HEREBY ORDERED THAT:**

1. Petitioner's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

2. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** as premature, without prejudice to Petitioner's right to seek a request for release under 8 C.F.R. § 241.4.

3. The Clerk of Court is directed to close this case.

                                                /s/ A. Richard Caputo
                                                A. RICHARD CAPUTO
                                                United States District Judge